```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA

                             CHARLESTON


GUY PRESTON HALE, JR.,

       Movant,

v.                                    Case No. 2:02-cr-00172-1
                                      Case No. 2:04-cv-01037

UNITED STATES OF AMERICA,

       Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a motion filed pursuant to 28 U.S.C. § 2255, on September 23, 2004 (docket sheet document # 70), which requests post-conviction relief under Blakely v. Washington, 542 U.S. 296 (2004), and Crawford v. Washington, 541 U.S. 36 (2004).

Movant, Guy Preston Hale, Jr. (hereinafter referred to as "Defendant"), is serving a 147 month period of imprisonment, to be followed by a five year term of supervised release, upon his guilty pleas to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and using and carrying firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Judgment in a Criminal Case, # 62, entered September 9, 2003.) The District Court also imposed a special assessment of $200.00, and waived imposition of a fine. Id. Defendant did not take a direct appeal.

Defendant raises the following grounds for relief in his motion:

> 1. The use for sentencing purposes of alleged facts not included in the indictment violated movant's rights under the Fifth Amendment to the Constitution.
>
> 2. The use for sentencing purposes of facts legally essential for his sentence but neither proven beyond a reasonable doubt nor admitted by the movant violated his rights under the Fifth and Sixth Amendments to the Constitution. * * *
>
> 3. The use for sentencing purposes of facts legally essential for movant's sentence, but derived from evidence which was not introduced in court through a witness produced for cross-examination under oath, violated movant's rights under the Fifth and Sixth Amendments to the Constitution. * * *
>
> 4. The sentencing process utilized in movant's case deprived him of the rule of lenity; deprived him, at the time the offense was committed, of notice understandable by the ordinary person of the possible penalties for the offenses of which he was accused; and subjected him to the subsequent unforeseeable imposition of a judicial revision of the statutory sentencing process . . . all in violation of his rights under the Fifth and Sixth Amendments to the Constitution.
>
> 5. On the basis of the unconstitutionality of the Sentencing Reform Act in the wake of *Blakely*, the inclusion in movant's sentence of any term of supervised release was unconstitutional and illegal.
>
> 6. The procedures at his sentencing deprived the movant of his Sixth Amendment right to have a jury determine any fact essential to his sentence.

(Motion, at 5.)

<u>The request for post-conviction relief is timely.</u>

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time

limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about September 23, 2003, when the time for filing a notice of appeal expired. Rules 4(b) and 26, Federal Rules of Appellate Procedure. The Motion was filed on September 23, 2004; therefore, Defendant's request for post-conviction relief is timely.

Blakely has not been applied retroactively.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum

3

authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Seven Circuit Courts of Appeals have ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. In <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir.), <u>cert. denied</u>, 125 S. Ct. 2559 (2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts

4

bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. \_\_\_ U.S. at \_\_\_, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

5

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), pet. for cert. filed, No. 05-5130, the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), pet. for cert. filed, No. 04-10694, the Tenth Circuit held that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255

6

motions filed in cases which were final as of January 12, 2005. In Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit held that Blakely did not announce a watershed rule of criminal procedure, and quoted approvingly from Price.

Based on McReynolds, Green, Varela, Humphress, Price, Rucker, Lloyd, and Schardt, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

Crawford has not been applied retroactively.

"The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L. Ed.2d 923 (1965)." Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 1359 (2004). In Crawford, the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless the witnesses are unavailable and the defendant had a prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by the court.

Defendant contends that his relevant conduct as to drug quantity and his conviction for violating 18 U.S.C. § 924(c) were

derived from evidence which was not introduced in court through a witness produced for cross-examination under oath, citing Crawford. (Motion, at 7.) The undersigned notes that Defendant withdrew his objection to the relevant conduct calculation in the presentence report. (PSR, at 14-15.)

Several Circuit Courts of Appeals have ruled that Crawford does not apply retroactively to cases on collateral review. In Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004), cert. denied sub nom. Brown v. Lampert, 125 S. Ct. 940 (2005), the Tenth Circuit held that Crawford announces a new rule of constitutional law.

> We must examine then whether *Crawford* set forth a "watershed rule" of criminal procedure. * * * "To qualify as a 'watershed' rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding." [*United States v.*] *Mora,* 293 F.3d 1213, 1218-19 (10th Cir. 2002) (quotation omitted). We conclude that the rule in *Crawford* does not meet this definition.
>
> It is true that in *Crawford* the Court referred to the protections of the Confrontation Clause as a "bedrock procedural guarantee," *Crawford*, 541 U.S. at ___, 124 S. Ct. at 1359, but that comment does not necessarily suggest that the rule set forth in *Crawford* is "on the magnitude of the rule announced in *Gideon v. Wainwright*" as it must be to fit within the *Teague* exception. *See Mora*, 293 F.3d at 1219. Unlike *Gideon, Crawford* does not "alter[] our understanding of what constitutes basic due process," *Mora*, 293 F.3d at 1219, but merely sets out new standards for the admission of certain kinds of hearsay. Confrontation Clause violations are subject to harmless error analysis and thus may be excused depending on the state of the evidence at trial. *Crespin v. New Mexico*, 144 F.3d 641, 649 (10th Cir. 1998). It would, therefore, be difficult to conclude that the rule in *Crawford* alters rights fundamental to due process. * * * Accordingly, we

> conclude that *Crawford* is not a watershed decision and is, therefore, not retroactively applicable to Brown's initial habeas petition.

381 F.2d at 1226-27.

In Mungo v. Duncan, 393 F.3d 327, 335-36 (2d Cir. 2004), cert. denied sub nom. Mungo v. Greene, 125 S. Ct. 1936 (2005), the Second Circuit reached a similar conclusion:

> In short, the advent of the *Crawford* rule brings about substantial changes in the protection given by the Confrontation Clause to an accused from receipt of uncross-examined statements. In some instances those changes will likely improve the accuracy of the factfinding process; in others they will likely impair the accuracy of the factfinding process. Because *Teague*'s test of a watershed rule requires improvement in the accuracy of the trial process overall, we conclude that *Crawford* is not a watershed rule. We thus conclude that *Crawford* should not be applied retroactively on collateral review.

Without undertaking a thorough analysis of the possible retroactivity of Crawford pursuant to Teague v. Lane, the Sixth Circuit ruled that "*Teague* thus prohibits Dorchy from availing himself of the new rule articulated in *Crawford*." Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. 2005).

In Murillo v. Frank, 402 F.3d 786, 790 (7th Cir. 2005), the Seventh Circuit ruled that Crawford is not a fundamental rule essential to a fair and accurate trial, and thus is not a "watershed rule." Accord, Bintz v. Bertrand, 403 F.3d 859 (7th Cir. 2005), pet. for cert. filed, No. 05-5210.

One court has ruled that Crawford should be applied retroactively on collateral review, Bockting v. Bayer, 399 F.3d 1010

(9th Cir. 2005).  The three circuit judges comprising the panel each wrote separate opinions, setting forth three different theories.

Upon consideration of the opinions of the various Circuit Courts of Appeals on whether <u>Crawford</u> will be applied retroactively on collateral review by the Supreme Court, the undersigned finds <u>Brown</u>, <u>Mungo</u>, <u>Murillo</u>, and <u>Bintz</u> to be more persuasive than <u>Bockting</u>.  The undersigned proposes that the presiding District Judge find that <u>Crawford</u> does not apply retroactively on collateral review.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Movant's motion under 28 U.S.C. § 2255.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Guy Preston Hale, Jr., and to counsel of record.

 September 7, 2005  
 Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

11